# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASIANNA WILLIAMS, | : | CIVIL NO. 3:24-CV-01187 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Schwab) |
| MICHELLE OLSHEFSKI, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

Plaintiff Asianna Williams ("Williams") claims that the defendants have violated her constitutional rights in the course of presenting her case to a grand jury. After reviewing her complaint, we conclude that it fails to state a claim upon which relief can be granted. And, because giving leave to amend would be futile, we recommend that the court dismiss the complaint and close the case.

### II. Background.

Williams commenced this action pro se by filing a form complaint on July 17, 2024. *Doc. 1*. Williams also filed a motion for leave to proceed *in forma pauperis*, which we granted. *Docs. 2, 4*. We also granted Williams leave to amend

her complaint on or before August 22, 2024, against all but one. *Doc. 5*. Williams did not amend her complaint. The following facts are taken from the complaint.

"This action stems from the government misdirecting the grand jury w[h]ich resulted in the returning of an indictment charging death by delivery[,]" a charge that carries "a mandatory minimum of 20[ ]years[.]" *Doc. 1* at 4. In 2022, Williams "became victim of an illegal indictment." *Id.* at 6. The indictment was returned by a grand jury who was "misled" by "the government" which "failed to disclose" exculpatory information which "may have resulted no return of indictment[.]" *Id.* at 6–7. "As a result, [Williams] was arrested and denied bond." *Id.*

Williams also alleges that "the prosecutor," Michelle Olshefski ("Attorney Olshefski"), "attempt[ed] to force" Williams to plead guilty, despite Williams's innocence, by "threaten[ing] a 30 year sentence[.]" *Id.* at 4. She alleges specifically that Attorney Olshefski stated "I will make sure you get 30 years." *Id.*

Williams names the following defendants in the complaint: (1) Attorney Olshefski; (2) Mark Liperela ("Liperela"); (3) Shane Yelland ("Yelland"); (4) Howard Kocher ("Kocher"); and (5) Frank Gubbiotti ("Gubbiotti"). *Id.* at 1, 2. Williams brings claims for violations of her due process rights as protected by the Fifth and Fourteenth Amendments and her right to protection from cruel and unusual punishment as protected by the Eighth Amendment. *Id.* at 2. For relief,

Williams seeks $30 million, one million dollars for each year of incarceration that was "threatened by prosecution." *Id.* at 5.

### III.  Standard of Review.

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  This statutory text mirrors the language of Fed. R. Civ. P. 12(b)(6), which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F. 3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P.

3

8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

Williams brings claims for violations of her Fifth, Fourteenth, and Eighth Amendment rights against Attorney Olshefski, a federal prosecutor. "For most constitutional violations, unless a statute authorizes relief, damages are unavailable from the federal government or its officers." *Dongarra v. Smith*, 27 F.4th 174, 189 (3d Cir. 2022). "[T]he Supreme Court has authorized suits against the government even without a statute on point[,]" but "in only three contexts[.]" *Id.* "To get damages," Williams must show that Attorney Olshefski violated her constitutional rights and that a cause of action permits her suit for damages. *See Dongarra v. Smith*, 27 F. 4th, 174, 177 (3d Cir. 2022). Here, Williams has not pointed to a statute or an implied cause of action authorizing her suit.

Even if such a cause of action exists, however, Attorney Olshefski is entitled to immunity from this suit. Prosecutors are immune from liability when serving "a quasi-judicial function." *Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024). "To serve a quasi-judicial function, conduct must be 'intimately associated with the judicial phase of the criminal process[.]'" *Id.* "A prosecutor is absolutely immune when making [the] decision [to initiate a prosecution], even where [he or she] acts without a good faith belief that any wrongdoing has occurred." *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992). "Moreover, absolute immunity extends to instances of soliciting false testimony from witnesses in grand jury

6

proceedings and probable cause hearings,'" and presenting evidence. *See Cipollini v. McLaughlin*, NO. 3:22-CV-1225, 2022 WL 17481065, *4 (M.D. Pa. Nov. 1, 2022) (internal quotation marks omitted) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992); citing *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020)). Prosecutorial immunity also extends to prosecutorial decisions related to negotiating plea deals. *See Smart v. Winslow*, No. 13cv4690, 2015 WL 5455642, *7 (D.N.J. Sept. 16, 2015) ("Negotiating a plea deal is also protected by absolute prosecutorial immunity") (collecting cases).

Williams makes allegations relating to Attorney Olshefski's actions in connection with presenting her case to the grand jury and in negotiating a plea deal. Thus, Attorney Olshefski is immune from Williams's claims.

As to the remaining defendants—Liperela, Yelland, Kocher, and Gubbiotti—Williams does not explain who they are or how they are involved in the events delineated in the complaint. And we are unable to determine what cause of action Williams attempts to bring. Williams's complaint thus fails to comply with the pleading requirements of Fed. R. Civ. P. 8. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). The "complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A

complaint has to 'show' such an entitlement with its facts." *Id.* Williams fails to provide Liperela, Yelland, Kocher, and Gubbiotti with fair notice of the claims brought against them or the grounds upon which the claims rest. Accordingly, Williams has failed to state a claim against them.

## V. Leave to Amend.

Before dismissing a complaint under preliminary review, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, we concluded that it would be futile for Williams to file an amended complaint against Attorney Olshefski, due to her entitlement to immunity. *Doc. 5*. But we granted Williams an opportunity to file an amended complaint to attempt to state a claim against the other defendants—Liperela, Yelland, Kocher, and Gubbiotti. *Id.* This court gave Williams until August 22, 2024, to amend her complaint. *Id.* Williams did not amend her complaint. We conclude that it would be futile to grant her leave to amend again.

## VI. Recommendations.

Based on the foregoing, we recommend that the court dismiss this complaint because it fails to state a claim upon which relief can be granted and close this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of September, 2024.

                                          *S/ Susan E. Schwab*
                                          Susan E. Schwab
                                          United States Magistrate Judge